**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH NIGRO**, | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:23-680** |
| **v.** | : | |
| | : | **(JUDGE MANNION)** |
| **QAZI FARHAN UDDIN, MD and** | | |
| **WILKES-BARRE HOSPITAL** | : | |
| **COMPANY, LLC d/b/a WILKES-** | | |
| **BARRE GENERAL HOSPITAL,** | : | |
| **Defendants** | : | |
| **v.** | : | |
| | : | |
| **RADIOLOGY ASSOCIATES OF** | | |
| **WYOMING VALLEY, INC. and** | : | |
| **THE RADIOLOGY GROUP, LLC,** | | |
| | : | |
| **Additional** | | |
| **Defendants** | : | |

**<u>MEMORANDUM</u>**

Pending before the court is defendant Wilkes-Barre Hospital Company, LLC's d/b/a Wilkes-Barre General Hospital (hereinafter "WBGH") motion to compel discovery and accompanying brief. (Docs. 89, 90). The motion will be **GRANTED** for the reasons stated herein.

## I.    Background

On April 25, 2023, Plaintiff filed the above-captioned medical negligence action, pursuant to diversity jurisdiction under 28 U.S.C. §1332(a). (Doc. 1). The action stems from a February 8, 2020, incident in

which Plaintiff suffered a chest injury as a result of an elbow blow during a collegiate basketball game. *Id.* at ¶¶ 12-17. Plaintiff was then taken to WBGH where x-ray images were taken by defendant Dr. Qazi Farhan Uddin. Dr. Uddin determined that "soft tissues and bony structures demonstrated no acute pathology," and that his chest injury was entirely from the elbowing. *Id.* at ¶ 22. Over a year later, on May 1, 2021, Plaintiff woke up with shooting pain in his arms, chest pain, shortness of breath, and a previously unnoticed bump under his chest. *Id.* at ¶ 27. Ultimately, doctors determined that he had a cancerous mass in his chest due to Hodgkin's lymphoma. *Id.* at ¶¶ 28-32. The basis of Plaintiff's claim is that the mass allegedly should have been detected in the x-ray images taken during his February 8, 2020, visit to WBGH.

On October 18, 2023, WBGH filed a Joinder Complaint against Radiology Associates of Wyoming Valley, Inc. (hereinafter "RAWV"), (Doc. 19), and on November 9, 2023, filed the same against The Radiology Group, LLC (hereinafter "TRG"), (Doc. 27).

On July 15, 2025, WBGH filed the present motion to compel. (Doc. 89). In its motion, WBGH seeks to compel TRG to produce a full copy of an alleged insurance policy between Dr. Uddin and TRG, numbered G-AMS-

116671. *Id.* The following facts alleged by the parties constitute the relevant background to this motion.

On April 15, 2024, TRG served Rule 26 disclosures, which indicated that TRG was not in possession of G-AMS-116671. *See* (Doc. 89-5 at 72-75). Subsequently, on June 20, 2025, WBGH requested production of the insurance policy via email. (Doc. 94-1 at 9). Counsel for TRG responded: "If we still have [a copy of the policy], sure [we will provide it]. But probably best to subpoena from the carrier to be honest. I will ask my client if we have it, but I do not believe we do." *Id.* Later that same day, Plaintiff gave notice of his intent to issue subpoenas to the Insurance Office of America and Seeman Holtz Property & Casualty, LLC (hereinafter "Seeman Holtz"). *Id.* at 11-12. Plaintiff indicated that he would seek all insurance policies covering TRG since 2017, which would include G-AMS-116671. *Id.* at 15-20. Plaintiff issued the subpoenas five days later, on June 25, 2025. *Id.* The next day, June 26, 2025, TRG served verified discovery responses to insurance interrogatories served by WBGH, again indicating that the insurance policy was not in its possession. (Doc. 89-5 at 76-81).

About two weeks later, on July 11, 2025, the parties participated in a phone call with a mediator, during which TRG allegedly indicated that it too would be interested in what the policy says, but that it does not have

possession of it. (Doc. 94 at 3-4). Thereafter, knowing that Plaintiff had already, just under three weeks prior, subpoenaed the insurance carrier and having allegedly heard TRG deny possession of the insurance policy just four days prior, WBGH filed the present motion to compel. (Doc. 89). Plaintiff joined in the motion on July 18, 2025. (Doc. 93).

## II. Standard of Review

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Under Rule 37(a), a party must file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document requests or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv). Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

The scope and conduct of discovery are within the sound discretion of the trial court. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D.Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment").

- 4 -

This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "non-privileged matter that is relevant to any party's claim or defense." Therefore, valid claims of relevance and privilege restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information," a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

With these principles in mind, the court turns to consider the discovery request set forth in WBGH's motion to compel.

### III.  Discussion

#### A. Rules 26 and 34 of the Federal Rules of Civil Procedure compel production.

Under the Federal Rules of Civil Procedure Rule 26(a)(1)(A)(iv), "a party must, without awaiting a discovery request, provide to the other parties: . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). Furthermore, Rule 34(a) states that "A party may serve on

any other party a [discovery] request within the scope of Rule 26(b)." Fed R. Civ. P. 34(a). The party serving such a request must demonstrate that the party being served has control over the document in question. A party has control over a document "so long as the party has the legal right or ability to obtain the documents from another source upon demand." *Mercy Catholic Medical Center v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004).

Here, WBGH identifies several bases for its assertion that the policy exists and that TRG has control over the policy. First, the contract between Dr. Uddin and TRG states that:

> Contractor shall, at its sole cost and expense, obtain and maintain in full force and effect during the continuance of this Agreement general liability and malpractice insurance, issued by insurance companies licensed to do business in the States where licensed. TRG shall be named as an additional insured of the policy and shall be furnished with a certificate of insurance requiring notice to TRG at least twenty (20) days prior to cancellation of such policy. Notwithstanding the foregoing, Contractor shall provide, at his sole cost or expense, "tail coverage" professional liability insurance for acts or omissions arising prior to the date of this Agreement. **Contractor may purchase insurance through TRG on its group policy at 250.00/month.**

(Doc. 89-5 at 59).

- 6 -

Second, during discovery, Dr. Uddin produced a letter to him from Applied Medico-Legal Solutions Risk Retention Group, Inc. (hereinafter "AMS RRG") in relation to the present lawsuit. *Id.* at 64-67. In this letter, AMS RRG informed Dr. Uddin that they "provided you with medical professional liability insurance through policy no. G-AMS-116671, effective October 9, 2022, through May 18, 2023, issued to The Employed/Contracted Physicians of [TRG]." *Id.* at 64.

Third, WBGH produced a Certificate of Liability Insurance, which identifies TRG as both the insured and the certificate holder. *Id.* at 69. Further, it identifies AMS RRG as the insurer, Seeman Holtz as the relevant insurance agency, and Dr. Uddin as a covered medical provider. *Id.* at 69-70.

Fourth, Dr. Uddin testified during his January 16, 2025, deposition that he was employed by TRG during the relevant timeframe and that TRG provided him malpractice insurance. *Id.* at 91-95.

Finally, given this evidence, WBGH asserts that TRG has control over the policy. They can simply request the policy from the agent or carrier. The court agrees with this conclusion. Not only is it clear that TRG provided Dr. Uddin with malpractice insurance, but it is also clear who the insurance agency, Seeman Holtz, and the carrier, AMS RRG, are. Thus, TRG has

control over the policy under Rule 34 and should have disclosed the policy from the outset of the litigation under Rule 26. TRG's claim that it is not in possession of the policy makes no difference; control is required, not possession.

### B. Plaintiff's issuance of subpoenas has no effect on the present case.

TRG argues that the "suggestion by counsel for WBGH that TRG can simply request this information from the insurance company is nonsensical in light of the subpoena that is pending . . . It is anticipated the insurance company will respond to a Federal subpoena much quicker than a request from policy holder." (Doc. 94 at 6). This argument fails for two reasons.

First, TRG's argument relies on an improper assumption. There exists no reason to assume that the subpoenas will be complied with, nor that they will be complied with sooner than a request from TRG would be. Simply, assumptions to the contrary can similarly be made.

Second, the subpoenas have no bearing on the present motion. Plaintiff has a right to issue the subpoenas, and he has no obligation to forward the insurance policy to WBGH should the subpoenaed entities comply. Plaintiff's joining in the instant motion may indicate a spirit of cooperation between the two parties, but it does not guarantee sharing of

the insurance policy should it be acquired. Nor does it extinguish or somehow render moot WBGH's right to obtain the policy from TRG under Rules 26 and 34. Just because both Plaintiff and WBGH, by way of Plaintiff, *might* obtain the insurance policy via the subpoenas does not mean that they may not pursue alternative lawful channels to obtain it.

### C. Rule 37 attorney's fees are not warranted.

Rule 37(a)(5)(B) of the Federal Rules of Civil Procedure states that if a motion to compel discovery:

> is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Here, attorney's fees are not permitted because the motion was substantially justified. As noted above, this case was filed on April 25, 2023, and Rule 26(a)(1)(A)(iv) required TRG to obtain the insurance policy, which is in its control, and provide it in its initial disclosures. Furthermore, Rule 34(a) states that "A party may serve on any other party a [discovery] request within the scope of Rule 26(b)." Fed R. Civ. P. 34(a).

- 9 -

Thus, seeing that Rules 26 and 34 of the Federal Rules of Civil Procedure compel production, TRG's request for attorney's fees is denied.

### D. The court forbids the parties from billing their clients for this motion

On February 9, 2024, the court held a case management conference with counsel for the parties, and issued an order setting deadlines in the case as well as rules for discovery. (Doc. 44). Pertinently, the order stated that:

> Counsel are reminded that discovery disputes will be handled as follows: In the first instance, counsel should discuss, in good faith, an equitable resolution of their discovery disagreements. If this good faith discussion is unsuccessful, counsel shall contact chambers to schedule a conference call among all parties to discuss and resolve the dispute. If, after the conference call, the court believes the issues need briefing by the parties, it will set down an appropriate briefing schedule. No written discovery motions are to be filed without leave of court, and even then only following the above noted procedure.

*Id.* at 2. Chambers was never contacted, nor was a conference call ever held regarding this discovery dispute.

Seeing as counsel for WBGH did not comply with this rule, and that compliance with the rule could have saved their client time and money, the court orders that any time spent in the preparation on this motion, including

- 10 -

time spent writing both the brief in support as well as the reply brief, shall not be billed to the client.

Furthermore, seeing as counsel for TRG could have prevented this dispute by complying with Rule 26 and Rule 34, the court orders that any time spent in defending against this motion, including time spent writing the brief in opposition, shall not be billed to the client.

Both parties are ordered to advise their clients of this provision of the order and certify their compliance with the court.

## IV.    Conclusion

For the foregoing reasons, the defendant's motion to compel, (Doc. 89), will be **GRANTED**. An appropriate order will follow.


_s/ Malachy E. Mannion_
**MALACHY E. MANNION**
**United States District Judge**


**DATE: September 25, 2025**
23-680-01